UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHLEY AERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-CV-0624-CVE-TLW |
| ) | |
| GERALD NUCKOLLS, ) | |
| STANLEY GLANZ, in his individual ) | |
| capacity and official capacity as the ) | |
| Tulsa County Sheriff, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is Defendant Stanley Glanz's Motion to Dismiss and Brief in Support (Dkt. # 9). Defendant asks the Court to dismiss plaintiff's 42 U.S.C. § 1983 claim against him because plaintiff has failed to state a claim upon which relief can be granted, arguing that plaintiff's complaint fails to identify the constitutional provision defendant allegedly violated and fails to provide a sufficient factual basis. Id. at 3. Plaintiff responds that her complaint contains the necessary legal and factual basis to state a claim and asks the Court to deny defendant's motion. Dkt. # 11.

### I.

Plaintiff filed this action in Tulsa County District Court, Oklahoma, and the case was removed to this Court. Dkt. # 2. Plaintiff alleges that defendant Nuckolls, at the time a deputy with the Tulsa County Sheriff's Office (TCSO), sexually assaulted her during an unlawful detention. Dkt. # 2, at 5-6. Plaintiff asserts that Nuckolls detained numerous individuals, including plaintiff, at plaintiff's home without justification, illegally searched plaintiff's residence, exposed himself to plaintiff, and groped plaintiff. Id. at 5-8. Plaintiff further alleges that Glanz was deliberately

indifferent to the extreme risk that Nuckolls posed to the public. Id. at 8. Plaintiff asserts that Nuckolls' behavior had been the subject of previous complaints and that "Glanz knew that Nuckolls represented a serious threat of sexual assault and battery to women with whom he came into contact with [sic] while acting in his capacity for the TCSO." Id. at 8-9. Plaintiff alleges that an unwritten policy existed whereby Glanz deliberately turned a blind eye to the sexual malfeasance of both Nuckolls and other TCSO employees. Id. at 9. Plaintiff alleges that Glanz's failure to supervise his employees and his failure to institute a system to protect those who came into contact with TCSO employees resulted in numerous instances of sexual violence committed by TCSO employees. Id.

Defendant now seeks dismissal of plaintiff's claim for failure to state a claim, arguing that plaintiff's complaint lacks both a sufficient legal and factual basis. Dkt. # 9, at 3. Glanz asserts that plaintiff fails to identify the constitutional amendment allegedly violated and provides only conclusory allegations regarding Glanz's alleged failure to supervise Nuckolls. Id. at 4, 6.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil

2

actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Glanz argues that plaintiff fails both to identify a specific constitutional amendment that was allegedly violated and to present sufficient factual allegations to adequately plead a § 1983 claim. Section 1983 provides a claim for relief against state actors for violation of a plaintiff's federal rights. Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). In the case of a municipal entity, the "under color of state law" element requires that the constitutional deprivation occurred pursuant to official policy or custom. See Monnell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). A municipal entity may be held liable for an act it has officially sanctioned, or for the actions of an official with final policymaking authority. Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 482-83 (1986); see

also <u>City of St. Louis v. Praprotnik</u>, 458 U.S. 112, 127-28 (1988). A plaintiff "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1307 (10th Cir. 1998) (quoting <u>Board of County Comm'rs of Bryan County, Oklahoma v. Brown</u>, 520 U.S. 397, 404 (1997)). A claim against a state actor in his official capacity "is essentially another way of pleading an action against the county or municipality" he represents, and is considered under the standard applicable to § 1983 claims against municipalities or counties. <u>Porro v. Barnes</u>, 624 F.3d 1322, 1328 (10th Cir. 2010). To establish a claim of supervisory liability under § 1983, a plaintiff must allege that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." <u>Dodds v. Richardson</u>, 614 F.3d 1185 (10th Cir. 2010).

Although plaintiff's complaint does not explicitly invoke the Fourth Amendment, the allegations clearly identify the Fourth Amendment as the constitutional provision upon which plaintiff rests her claim. Plaintiff alleges that Nuckolls detained plaintiff and other individuals at her home for more than 90 minutes without justification and performed an illegal search of plaintiff's home. Dkt. # 2, at 5, 8. She asserts that Nuckolls lacked probable cause to be at plaintiff's residence, to enter plaintiff's property, to enter any of the structures on plaintiff's property, and to search plaintiff's home. <u>Id.</u> at 6. Plaintiff further asserts that Nuckolls did not observe any illegal conduct that would have provided him probable cause for the detention of the

individuals or the search of plaintiff's home. Id. These allegations are sufficient to identify the Fourth Amendment as the constitutional provision upon which plaintiff rests her § 1983 claim.[1]

Glanz further argues that plaintiff fails to provide sufficient factual allegations to support her claim. Dkt. # 9, at 6. Specifically, Glanz argues that plaintiff's allegations "are nothing more than unsubstantiated conclusory allegations." Id. But plaintiff's complaint contains detailed factual allegations regarding Glanz's alleged failure to supervise Nuckolls, including allegations that Glanz implemented an unwritten policy of deliberately turning a blind eye to employee misconduct, that prior complaints had been made against Nuckolls, that Glanz was aware of these complaints, that Glanz took no action against Nuckolls in response to these complaints, and that Glanz had a history of failing to protect individuals from similar offenses committed by those he supervised. Dkt. # 2, at 8-9. These factual allegations are sufficient to support plaintiff's § 1983 claim against defendant Glanz. To reiterate, in considering a motion to dismiss, the Court examines only the four corners of the complaint to determine wether plaintiff's complaint has satisfied the pleading standards of Twombly and Iqbal. The Court finds that plaintiff's complaint has satisfied the dictates of Twombly and Iqbal. Defendant's motion to dismiss should thus be denied.

---

[1] Neither party specifically mentions the Eighth or Fourteenth Amendment as a basis for plaintiff's § 1983 claim. To the extent that plaintiff argues Glanz was "deliberately indifferent" to Nuckolls' conduct, this alleges an Eighth or Fourteenth Amendment violation. But a claim of deliberate indifference under the Eighth Amendment applies to only convicted prisoners, and, under the Fourteenth Amendment, to only pretrial detainees. See Olsen v. Layton Hills Mall, 312 F.3d 1304, 1315 (10th Cir. 2002). It does not extend to those temporarily detained, like plaintiff here.

**IT IS THEREFORE ORDERED** that Defendant Stanley Glanz's Motion to Dismiss and Brief in Support (Dkt. # 9) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Stanley Glanz shall file his Answer to the Complaint no later than **January 8, 2016.**

**DATED** this 18th day of December, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE