UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHLEY AERY, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 15-CV-0624-CVE-TLW |
| GERALD NUCKOLLS, in his individual capacity; STANLEY GLANZ, in his individual capacity; VIC REGALADO, in his official capacity as Tulsa County Sheriff;[1] and BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY, | ) |
|         Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is the Motion and Brief to Dismiss Plaintiff's Amended Complaint by Defendant Tulsa County Board of County Commissioners (Dkt. # 34). Defendant Tulsa County Board of County Commissioners (the Board) asks the Court to dismiss plaintiff's claims against it, asserting that plaintiff has failed to state a claim upon which relief can be granted. Id. The Board argues that plaintiff's amended complaint contains nothing more than conclusory allegations that the Board employed both Glanz and Nuckolls and does not make substantive factual allegations about the Board's purported involvement in the violation of plaintiff's rights. Id. Plaintiff responds that the amended complaint alleges, in detail, the actions for which each defendant is responsible and asks the Court to deny the motion. Dkt. # 37.

---

[1] Vic Regalado is the current Tulsa County Sheriff. Therefore, he is the proper defendant for plaintiff's claims against the Sheriff in his official capacity. For that reason, Vic Regalado, in his official capacity as Tulsa County Sheriff, is substituted as a defendant for Stanley Glanz, in his official capacity as Tulsa County Sheriff. The Clerk of Court shall note the substitution on the record. All parties shall correct the caption in all future pleadings to conform with the caption on this opinion and order.

**I.**

Plaintiff originally filed this action in Tulsa County District Court, after which defendant Glanz removed the case to this Court based on federal question jurisdiction. Dkt. # 2. With leave of the Court, plaintiff filed an amended complaint, naming, for the first time, the Board as a defendant. Dkt. # 26. Plaintiff's amended complaint alleges that defendant Nuckolls, at the time a deputy with the Tulsa County Sheriff's Office (TCSO), sexually assaulted her during an unlawful detention. Id. at 3-4. Plaintiff asserts that Nuckolls detained numerous individuals, including plaintiff, at plaintiff's home without justification, illegally searched plaintiff's residence, exposed himself to plaintiff, and groped plaintiff. Id. at 3-5. Plaintiff further alleges that defendant Glanz, at the time the Tulsa County Sheriff, was deliberately indifferent to the extreme risk that Nuckolls posed to the public. Id. at 6. Plaintiff asserts that Nuckolls' behavior had been the subject of previous complaints and that "Glanz knew that Nuckolls represented a serious threat of sexual assault and battery to women with whom he came into contact with [sic] while acting in his capacity for the TCSO." Id. at 6-7. Plaintiff alleges that an unwritten policy existed whereby Glanz deliberately turned a blind eye to the sexual malfeasance of both Nuckolls and other TCSO employees. Id. Plaintiff alleges that Glanz's failure to supervise his employees and his failure to institute a system to protect those who came into contact with TCSO employees resulted in numerous instances of sexual violence committed by TCSO employees. Id. at 7-8. Plaintiff also asserts that the Board was the employer of both Glanz and Nuckolls and names the Board "solely based upon vicarious liability." Id. at 3. The Board now seeks dismissal of the claims against it, arguing that plaintiff's amended complaint fails to state a claim. Dkt. # 34.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

The Board asserts that plaintiff's amended complaint fails to state a claim, specifically asserting that: (1) the Board is not responsible for any alleged constitutional deprivation nor does it have any ability to provide relief for such alleged violation; (2) the Board cannot be liable under a theory of respondeat superior for a § 1983 claim; and (3) the Board cannot be liable for plaintiff's tort claims because the Board has no responsibility for nor control over the TCSO. Dkt. # 34, at 5-6, 8. Plaintiff responds that she has properly pled her claims against all parties, including the Board, and that she has stated a claim against each defendant. Dkt. # 37, at 1.

Although the parties devote much of their briefing to collateral issues, the primary inquiry for the Court is whether the Board is a proper party in this action. The Board asserts that it is not, relying on the argument that the Board has no responsibility for or supervisory authority over the TCSO; plaintiff asserts that the Board is properly named and that the amended complaint contains sufficient factual matter to state a claim against the Board. See Dkt. # 34, at 5-6; Dkt. # 37, at 1.

In plaintiff's motion for leave to amend her complaint, plaintiff stated,

> While Glanz was named as a defendant in the initial pleading seeking liability against him in his official capacity, an allegation which is essentially the same as naming the County as a party, Glanz no longer holds office for Tulsa County, and no appearance has been made for Tulsa County. Accordingly, Plaintiff seeks to re-form the style of the case to comport with Okla. Stat. tit. 19, § 4, to name the Board of County Commissioners of the County of Tulsa as a nominal party, and to re-serve that entity with a summons.

Dkt. # 21, at 1-2. However, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure,

> [a]n action does not abate when a public official who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Thus, defendant Glanz's resignation from the TCSO did not affect plaintiff's suit against him in his official capacity. His successor was automatically substituted as a party, pursuant to Rule 25(d). Naming the Board in the amended complaint to preserve the action against the Tulsa County Sheriff in his official capacity was unnecessary.

Further, plaintiff's allegations in her amended complaint that relate to the Board are based only on a theory of vicarious liability. See Dkt. # 26, at 3. But the Board has no supervisory authority over or responsibility for the TCSO. See Estate of Crowell ex rel. Boen v. Bd. of Cnty. Comm'rs of Cnty. of Cleveland, 237 P.3d 134, 142 (Okla. 2010) ("[T]he board of county commissioners is not liable under 42 U.S.C. § 1983 because the board has no statutory duty to hire, train, supervise, or discipline county sheriffs or deputies."). As such, plaintiff cannot state a claim against the Board based upon a theory of vicarious liability. Based on the foregoing, the Board's motion to dismiss should be granted because plaintiff has failed to state a claim.

**IT IS THEREFORE ORDERED** that the Motion and Brief to Dismiss Plaintiff's Amended Complaint by Defendant Tulsa County Board of County Commissioners (Dkt. # 34) is **granted**.

**IT IS FURTHER ORDERED** that the Court Clerk shall note on the record the substitution of Vic Regalado, in his official capacity as Tulsa County Sheriff, in place of Stanley Glanz, Tulsa County Sheriff, as a defendant. Stanley Glanz remains a party in his individual capacity. The parties shall delete the Board as a defendant in the caption of the case.

**DATED** this 25th day of April, 2016.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE