UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHLEY AERY ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 15-CV-0624-CVE-TLW |
| ) | |
| GERALD NUCKOLLS, in his individual ) | |
| capacity, and VIC REGALADO, in his ) | |
| official capacity as Tulsa County Sheriff, ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff Ashley Aery's Motion for Partial Summary Judgment Against Defendant Gerald Nuckolls (Dkt. # 69). Plaintiff moves for partial summary judgment against Nuckolls on the ground that his prior conviction for sexual battery bars Nuckolls from disputing plaintiff's assault and battery claim in this case under the equitable doctrine of collateral estoppel. See Dkt. # 69. Nuckolls has not responded to plaintiff's motion.[1]

---

[1] Plaintiff filed her motion for partial summary judgment (Dkt. # 69) on August 4, 2016, but served Nuckolls with her motion at the "Tulsa County Jail" as opposed to the address listed for Nuckolls on the docket sheet. See Dkt. # 77. On September 2, 2016, the Court ordered plaintiff to submit proof of actual service of her motion for partial summary judgment. Dkt. # 75. Plaintiff filed a Supplemental Certificate of Mailing explaining that plaintiff had mailed Dkt. # 69 to "The David Moss Correctional Facility." See Dkt. # 76. The Court ordered plaintiff to serve Nuckolls at the address listed on the docket sheet, the "Lexington Assessment and Reception Center, PO Box 260, Lexington, OK 73051." Dkt. # 77. On September 7, 2016, plaintiff mailed her motion for partial summary judgment (Dkt. # 69) and accompanying exhibits (Dkt. ## 69-1, 69-2) to Nuckolls at the address listed on the docket sheet. Dkt. # 78. Pursuant to Local Civil Rule 7.2(e), a party has twenty-one days from the date the motion was filed to oppose the motion. Although a pro se party's briefs should be liberally construed, see de Silva v. Pitts, 481 F.3d 1279, 1283 n.4 (10th Cir. 1007), court rules apply equally to represented parties and pro se litigants, see Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). Thus, even allowing three

**I.**

In the early hours of September 16, 2014,[2] Nuckolls, at the time a deputy with the Tulsa County Sheriff's Office (TCSO), arrived at plaintiff's home. Dkt. # 69-1, at 1. Nuckolls entered plaintiff's home and searched her mail, drawers, bed, and other personal items. Id. at 1-2. Nuckolls urinated outside her garage in front of plaintiff before taking her into the garage structure on plaintiff's property. Id. at 2. Once inside, Nuckolls removed his penis from his pants, exposed himself to plaintiff, and groped plaintiff's breasts and body. Id. For his conduct against plaintiff, Nuckolls was charged, and found guilty by a jury, of sexual battery in violation of Okla. Stat. tit. 21, § 1123(B), and indecent exposure in violation of Okla. Stat. tit. 21, § 1021. Dkt. # 69-2, at 2-3.

On September 11, 2015, plaintiff filed this suit in the District Court of Tulsa County, State of Oklahoma, alleging that Nuckolls violated her rights under the Oklahoma and United States Constitutions and committed the torts of assault and battery, intentional infliction of emotional distress, unlawful arrest, and negligence. Dkt. # 2, at 10-11. Plaintiff also named as a defendant Stanley Glanz in his individual capacity[3] and official capacity as the Tulsa County Sheriff,[4] alleging

---

days for mailing, Nuckolls's time to respond has passed.

[2] The following facts are taken from the undisputed facts included in plaintiff's motion for partial summary judgment (Dkt. # 69). Because Nuckolls has failed to respond, the Court may consider plaintiff's facts uncontroverted for the purposes of her motion. See Fed. R. Civ. P. 56(e); Reed v. Bennett, 312 F.3d 1190, 1196 (10th Cir. 2002).

[3] Plaintiff filed a motion to dismiss without prejudice her claims against Glanz in his individual capacity (Dkt. # 64), which the Court granted (Dkt. # 65).

[4] After being sworn in as Tulsa County Sheriff, Vic Regalado was substituted for Glanz as defendant in his official capacity. See Dkt. # 58, at 5.

that Glanz was vicariously liable for Nuckolls's torts and directly liable under 42 U.S.C. § 1983 for plaintiff's constitutional deprivations.[5] Id. at 12. Glanz removed the suit to this Court. Dkt. ## 2, 6.

## II.

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Id. at 327 (quoting Fed. R. Civ. P. 1).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's

---

[5]  With permission of the Court, plaintiff filed an amended complaint on February 4, 2016 (Dkt. # 26), alleging the same claims as in her petition against defendants Nuckolls and Glanz and adding the Board of County Commissioners of the County of Tulsa (Board) as a defendant. See Dkt. # 26. On April 25, 2016, the Court granted the Board's motion to dismiss the claims against it. Dkt. # 58.

position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law." Id. at 251-52. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

Plaintiff moves for partial summary judgment that Nuckolls is liable for civil assault and battery under Oklahoma law based on his criminal conviction for sexual battery in violation of Okla. Stat. tit. 21, § 1123(B). Dkt. # 69, at 1. Nuckolls has not responded. By failing to file a response within the time specified by Local Civil Rule 7.2(e), Nuckolls has waived the right to file a response or controvert the facts asserted in plaintiff's motion, but his failure to respond does not relieve the Court of its duty to make the specific determinations required by Rule 56(c). See Reed v. Bennett, 312 F.3d 1190, 1196 (10th Cir. 2002). Thus, the Court will address the merits of plaintiff's motion.

Collateral estoppel prevents relitigation of issues that were decided in a previous case. See Allen v. McCurry, 449 U.S. 90, 94 (1980). Collateral estoppel "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and by preventing inconsistent decisions, encourage[s] reliance on adjudication." Id. Moreover, when the decision given preclusive effect is a state court decision, "collateral estoppel not only reduce[s] unnecessary litigation and foster[s] reliance on adjudication, but also promote[s] the comity between state and federal courts that has been recognized as a bulwark of the federal system." Id. at 95-96. Congress has also specifically required federal courts to give preclusive effect to state-court judgments "whenever the

4

courts of the State from which the judgments emerged would do so." 28 U.S.C. § 1738; see also Allen, 449 U.S. at 96. Thus, to determine whether Nuckolls's conviction for sexual battery entitles plaintiff to summary judgment on her assault and battery claim, the Court looks to Oklahoma law.

Under Oklahoma law, collateral estoppel applies to issues raised in subsequent civil litigation that were determined by a prior judgment of criminal conviction. Lee v. Knight, 771 P.2d 1003, 1006 (Okla. 1989); see also Franklin v. Thompson, 981 F.2d 1992 (10th Cir. 1992) (applying Oklahoma law). The Oklahoma Supreme Court has determined that applying collateral estoppel in civil actions following criminal prosecutions will "conserve scarce judicial resources, prevent people from profiting from their criminal conduct, and . . . prevent the diminution of public confidence in our judicial system . . . ." Lee, 771 P.2d at 1005 (quoting Aetna Cas. & Sur. Co. V. Niziolek, 481 N.E.2d 1356, 1360 (Mass. 1985)). Additionally, fairness does not require relitigation because a criminal defendant has every incentive to vigorously defend himself and exercise his right of appeal. Id. at 1006. For collateral estoppel to be appropriate, the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue. Allen, 449 U.S. at 415; Danner v. Dillard Dep't Stores, Inc., 949 P.2d 680, 682 (Okla. 1997). Oklahoma courts have adopted four additional requirements for collateral estoppel to apply: "The issue sought to be precluded must be the same as that involved in the prior judicial proceeding; the issue was litigated in the prior action; the issue was in fact actually determined in the prior proceeding; and the determination of that issue was necessary to support the judgment in the prior proceeding." Adamson v. Dayton Hudson Corp., 774 P.2d 478, 480 (Okla. Civ. App. 1989) (quoting Guenther v. Holmgreen, 738 F.2d 879, 884 (7th Cir. 1984)).

Nuckolls was convicted in a jury trial of the sexual battery of plaintiff in violation of Okla. Stat. tit. 21, § 1123(B). Dkt. # 69-2, at 2-3. Sexual battery is defined as "the intentional touching, mauling or feeling of the body or private parts of any person sixteen (16) years of age or older, in a lewd and lascivious manner . . . [w]ithout the consent of that person. . . ." The tort of battery occurs when the defendant acts with the intent of making a harmful or offensive contact with the plaintiff and the act results in a harmful or offensive contact. Courtney v. Oklahoma ex rel., Dep't of Pub. Safety, 722 F.3d 1216, 1228 (10th Cir. 2013) (citing Okla. Unif. Jury Instruction, Civ.2d, § 19.6 (2012)) (applying Oklahoma law). Every battery necessarily includes an assault. Id. at 1228 n.7 (citing Hall v. State, 309 P.2d 1096, 1100 (Okla. Crim. App. 1957)).

Nuckolls was convicted in a jury trial, where the jury necessarily would have had to find him guilty beyond a reasonable doubt of each element of sexual battery. See, e.g., Flores v. State, 869 P.2d 558, 560-61 (Okla. Crim. App. 1995) (reversing a criminal conviction because the jury was instructed that the prosecution must prove "all the material allegations contained in the Information" beyond a reasonable doubt rather as opposed to the requirement that the prosecution prove "specific elements beyond a reasonable doubt."). Nuckolls actually litigated his criminal charges and was represented by counsel in doing so. See Dkt. # 69-2, at 1. There is no reason to believe that Nuckolls did not have a full and fair opportunity to litigate this issue. Finally, each assault and battery element plaintiff would have to prove is contained in the sexual battery elements. Assault and battery would require the plaintiff to prove a harmful or offensive contact and the intent to make such a contact. Nuckolls was convicted of intentionally "mauling or feeling" plaintiff without her consent. Accepting the jury's findings from Nuckolls's criminal trial as fact, Nuckolls necessarily committed

the tort of assault and battery against plaintiff. Thus, plaintiff's partial motion for summary judgment (Dkt. # 69) should be granted.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Partial Summary Judgment Against Defendant Nuckolls (Dkt. # 69) is **granted**. Specifically, defendant Nuckolls is precluded from relitigating the elements of the tort of assault and battery, except for the element of damages.

**DATED** this 4th day of October, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE