UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ASHLEY AERY | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 15-CV-0624-CVE-TLW** |
| | ) | |
| GERALD NUCKOLLS, in his individual | ) | |
| capacity, and VIC REGALADO, in his | ) | |
| official capacity as Tulsa County Sheriff, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is Defendant Vic Regalado's Motion for Summary Judgment and Brief in Support (Dkt. # 67).[1] Regalado originally moved for summary judgment on the grounds: that plaintiff has not produced any evidence to support her federal claims for municipal liability, failure to train, and failure to supervise; that plaintiff has not produced any evidence to support her state-based claims for failure to train, failure to supervise, and negligent hiring; that Regalado is not liable under the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151-172 (OGTCA), because plaintiff did not comply with the notice provision; that defendant Gerald Nuckolls was

---

[1]    The Court reviews Regalado's summary judgment motion on its own merits, considering only the evidence submitted by the parties in this summary judgment record (Dkt. ## 67, 72, 74). The summary judgment record as to plaintiff's motion for partial summary judgment (Dkt. # 69) based on collateral estoppel due to Nuckolls's criminal conviction for sexual battery has not been relied upon in considering the motion now before the Court. See Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1148 (10th Cir. 2000). Although Atlantic Richfield Co. addresses cross motions for summary judgment, it is just as important to consider separately summary judgment motions involving different defendants, especially when one of those motions argues for collateral estoppel based on a proceeding in which the other defendant was not a party.

acting outside the scope of his employment; and that an independent claim cannot be brought under the Oklahoma Constitution in this case. See Dkt. # 67. Plaintiff responds that she substantially complied with the OGTCA notice provision, that a factual dispute exists as to whether Nuckolls was acting within the scope of his employment, and that a claim under the Oklahoma Constitution is proper in this case.[2] See Dkt. # 72.

## I.

Nuckolls was convicted in a jury trial of sexual battery in violation of Okla. Stat. tit. 21, § 1123(B). Dkt. ## 67, at 15; 72, at 4. This proceeding is the civil suit arising out of those events, as well as a search Nuckolls conducted of plaintiff's home the same night as the sexual battery. See Dkt. # 26. Plaintiff brings this suit against Nuckolls, and against Regalado in his official capacity as Tulsa County Sheriff. Id.; Dkt. # 58.

In Regalado's summary judgment motion, he asserts the following facts as undisputed:[3] Nuckolls applied for the position of deputy sheriff in 2012, and the Tulsa County Sheriff's Office (TCSO) conducted a background investigation, which turned up no reason why Nuckolls should not be hired. Dkt. # 67, at 9-11. TCSO hired Nuckolls in June 2012, at which point he signed a code of ethics, and in March 2013, Nuckolls graduated from the Council on Law Enforcement Education and Training Academy. Id. at 11-12. On September 16, 2014, plaintiff, initially through a friend,

---

[2]     In her summary judgment response, plaintiff concedes all other claims. Dkt. # 72, at 1, 5-6.

[3]     In his undisputed facts, Regalado failed to include any facts about what happened on September 16, 2014 at plaintiff's home. Dkt. # 67, at 9-16. However, Regalado included a brief description of the events in his statement of the case, and has provided the Court with extensive police records and recordings of interviews conducted with plaintiff during the Tulsa County Sheriff's Office's investigation that detail what happened when Nuckolls was at plaintiff's home. See Dkt. ## 69-11 to 69-14.

contacted TCSO to report allegations of an unlawful search and sexual misconduct. Id. at 12. TCSO investigated the incident, which included interviewing plaintiff, questioning Nuckolls, reviewing dispatch records, and searching Nuckolls's residence, cell phone, and home computer. Id. at 13-14. Nuckolls was convicted of sexual battery and indecent exposure in the District Court of Tulsa County, Oklahoma for his conduct against plaintiff. Id. at 15-16. Before the incident with plaintiff, TCSO had not received any complaints of sexual misconduct against Nuckolls, and had not received any complaints of unlawful sexual contact since 2008. Id. at 15. On July 2, 2015, the Tulsa County Clerk received a letter serving as a torts claim notice that was sent by plaintiff's counsel, which did not contain a telephone number or address[4] for the claimant. Id. at 16. Plaintiff disputes Regalado's facts (paragraph 42) concerning her tort claims notice,[5] but does not dispute any other of Regalado's undisputed facts. Dkt. # 72, at 5. Therefore, apart from paragraph 42, which discusses plaintiff's tort claims notice, this Court considers Regalado's asserted undisputed facts as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion.").

Plaintiff additionally asserts the following undisputed facts in her response to Regalado's summary judgment motion: At about four in the morning on September 16, 2014, Nuckolls blocked plaintiff's driveway and entered her home without a warrant or legal cause and stayed for approximately 90 minutes. Dkt. # 72, at 2. Nuckolls searched plaintiff's home, reading her mail and other papers, going through drawers of plaintiff's personal items, and searching plaintiff's bed. Id.

---

[4]     If plaintiff still resided at her home on North Utica Place at the time the letter was sent, her address was included as the place of the incident. See Dkt. # 67-18.

[5]     The Court addresses this dispute below. See infra section III.A.i.

Nuckolls urinated outside plaintiff's garage in front of her and then forced her to go with him inside the garage, where he exposed his penis to her and groped her breasts and other parts of her body while pulling at her dress. Id. at 2-3. Plaintiff did not encourage Nuckolls's behavior in any way, and Nuckolls did not find anything illegal in his search. Id. at 3.[6]

## II.

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 317.  "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Id. at 327 (quoting Fed. R. Civ. P. 1).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's

---

[6]    Regalado does not dispute these facts in his reply. See Dkt. # 74.

position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law." Id. at 251-52. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

## III.

Regalado moves for summary judgment on the grounds: that plaintiff has failed to produce evidence to support her federal claims for municipal liability, failure to train, and failure to supervise; that plaintiff has not produced any evidence to support her state-based claims for failure to train, failure to supervise, and negligent hiring; that Regalado is not liable under the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151-172 (OGTCA), because plaintiff did not comply with the notice provision; that Nuckolls was acting outside the scope of his employment; and that an independent claim cannot be brought under the Oklahoma Constitution in this case. See Dkt. # 67. Plaintiff responds that she substantially complied with the OGTCA notice provision, that a factual dispute exists as to whether Nuckoll's was acting within the scope of his employment, and that a claim under the Oklahoma Constitution is proper in this case. See Dkt. # 72. Plaintiff concedes all claims against Regalado apart from two claims based on vicarious liability: (1) under the OGTCA for the torts of negligence, intentional infliction of emotional distress, and battery; and (2) under Bosh v. Cherokee County Building Authority, 305 P.3d 994 (Okla. 2013), for violation of plaintiff's rights under article 2, section 30 of the Oklahoma Constitution. Dkt. # 72, at 5-6.

**A.**

Regalado moves for summary judgment on plaintiff's OGTCA claims, arguing that plaintiff's claims are barred because her notice did not comply with the OGTCA's notice requirements of including the address and telephone number of the claimant, and that Regalado cannot be held vicariously liable for Nuckolls's actions because he was acting outside the scope of his employment. Dkt. ## 67, at 26-28; 74, at 2-5. Plaintiff responds that her written notice substantially complied with the OGTCA requirements by containing the address and telephone number of her attorney, and that a genuine factual dispute exists as to whether Nuckolls was acting within the scope of employment. Dkt. # 72, at 6-9.

**i.**

The OGTCA is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort. Tuffy's, Inc. v. City of Okla. City, 212 P.3d 1158, 1163 (Okla. 2009). A claim under the OGTCA must be presented to the state or appropriate political subdivision for relief within one year of the injury. Okla. Stat. tit. 51, § 156(B). A suit may not be brought under the OGTCA unless this notice provision is met. Id. § 157(B). The OGTCA has the following requirements:

> The written notice of claim to the state or a political subdivision shall state the date, time, place and circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded, the name, address and telephone number of the claimant, the name, address and telephone number of any agent authorized to settle the claim, and any and all other information required to meet the reporting requirements of the Medicare Secondary Payer Mandatory Reporting Provisions in Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 (MMSEA) through the Centers for Medicare & Medicaid Services (CMS). Failure to state either the date, time, place and circumstances and amount of compensation demanded, or any information requested to comply with the reporting claims to CMS under MMSEA shall not invalidate the notice unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision.

6

Id. § 156(E). The OGTCA does not require strict compliance with its notice provision. Wallace v. Bd. of Cnty. Comm'rs, 15 P.3d 985, 987 (Okla. Civ. App. 2000). Substantial compliance is sufficient as long as enough information is provided to fulfill the purpose of the provision. Kennedy v. City of Talihina, 265 P.3d 757, 760 (Okla. Civ. App. 2011) (citing Mansell v. City of Lawton, 901 P.2d 826, 830 (Okla. 1995)). Furthermore, the OGTCA should not be construed to "defeat the ends of justice." Duncan v. City of Stroud, 346 P.3d 446, 450 (Okla. Civ. App. 2015) (quoting Reirdon v. Wilburton Bd. of Educ., 611 P.2d 239, 241 (Okla. 1980)).

Plaintiff's counsel sent a letter to the Tulsa County Sheriff at the time and the Tulsa County Clerk on July 1, 2015. The letter contained the claimant's name; the date, time, and place of the incident; the relevant state agency; the name, address, and phone number of plaintiff's counsel; a description of claim; and the amount of compensation sought. Dkt. # 67-18. The letter clearly indicates that it was sent to comply with the OGTCA notice provision and that TCSO could contact plaintiff's counsel regarding plaintiff's claim. Id. Plaintiff's letter substantially complies with the OGTCA notice provision. The letter did not include the telephone number of plaintiff, but did contain the address of the incident (which was then plaintiff's address), and it contained all other required information and the address and telephone number of plaintiff's counsel. Regalado does not assert that plaintiff's letter failed to put TCSO on notice of plaintiff's claim, nor does Regalado assert that anyone had difficulty contacting plaintiff because of the deficiency in her notice. See generally Dkt. ## 67, 74. Therefore, plaintiff's claims under the OGTCA are not barred by the notice provision. See Stanley v. Bovos, No. 15-CV-264-JHP, 2016 WL 4099115, at *5 (E.D. Okla. Aug. 2, 2016) (finding substantial compliance with the OGTCA's notice provision when plaintiff failed to include her address and telephone number); see also Lopez v. City of Tulsa, No. 09-CV-757-

7

TCK-FHM, 2010 WL 3825395, at *2-3 (N.D. Okla. Sept. 27, 2010) (finding substantial compliance with the OGTCA's notice provision when plaintiff did not specifically mention each legal theory of relief).

**ii.**

A political subdivision is liable under the OGTCA for loss resulting from the torts of its employees acting within the scope of their employment. Okla. Stat. tit. 51, § 153(A). A political subdivision is not liable under the OGTCA for any of its employees actions outside the scope of the employee's employment. Id.; see also Speight v. Presley, 203 P.3d 173, 176 (Okla. 2008). "'Scope of employment' is defined as performance by an employee acting in good faith within the duties of his office or employment or of tasks lawfully assigned by a competent authority." Tuffy's, Inc., 212 P.3d at 1163. Thus, an act by an employee that is committed maliciously or in bad faith is not within the scope of employment. Pellegrino v. State ex rel. Cameron Univ. ex rel. Bd. of Regents of State, 63 P.3d 535, 537 (Okla. 2003). Additionally, it is generally not within the scope of an employee's employment to commit an assault against a third party unless the act (1) is "fairly and naturally incident to the business," (2) occurs while the employee is engaged in the employer's business, and (3) is done to further the employer's interests or naturally grows out of, or is incident to, an attempt to further the employer's interests. Rodebush v. Okla. Nursing Homes, Ltd., 867 P.2d 1241, 1245 (Okla. 1993) (quoting Russell-Locke Super-Serv. Inc. V. Vaugh, 40 P.2d 1090, 1094 (Okla. 1935)). "Whether a police officer's actions were taken within the scope of employment is a jury question unless only one reasonable conclusion can be drawn from the facts alleged." Tuffy's, Inc., 212 P.3d at 1167.

Plaintiff alleges claims under the OGTCA for negligence, intentional infliction of emotional distress, and assault and battery. Dkt. # 72, at 5. Regalado moves for summary judgment, arguing that plaintiff has failed to establish that Nuckolls was acting within the scope of his employment. Dkt. # 67, at 26-27. In order for Regalado to be held liable for Nuckolls's actions, plaintiff must show that Nuckolls was acting within the scope of his employment. See Okla. Stat. tit. 51, § 153(A). Nuckolls was convicted of sexual battery for his conduct involving plaintiff. Dkt. # 67, at 11. Plaintiff has not offered any evidence that supports her assertion that Nuckolls was acting to further TCSO's interests. Plaintiff's affidavit describes the sexual battery and notes that Nuckolls was "in uniform, carrying a firearm, wearing a badge and driving a vehicle equipped with emergency lights and marked as belonging to the TCSO." Dkt. # 72-1, at 1-2. These facts do not support finding that the sexual battery was "fairly and naturally incident" to his job as a deputy sheriff or that Nuckolls was acting to further TCSO's interests. See N.H. v. Presbyterian Church (U.S.A.), 998 P.2d 592, 599 (Okla. 1999) (finding that no reasonable person would conclude a minister was acting within the scope of his employment when he sexually molested parishioners because his actions were "not a part of the minister's duty or customary within the business of the congregation"). Thus, plaintiff has failed to show a genuine dispute of material fact exists as to the sexual battery. Regalado cannot be liable for any assault and battery or intentional infliction of emotional distress by Nuckolls when sexually battering plaintiff because plaintiff has failed to establish that Nuckolls was acting within the scope of his employment as to this part of his conduct.

Regalado also argues that plaintiff has failed to show that Nuckolls was acting within the scope of his employment when he searched plaintiff's home.[7] Dkt. # 67, at 28. However, there is a genuine dispute of material fact as to this issue. Plaintiff asserts in her affidavit that Nuckolls was "in uniform, carrying a firearm, wearing a badge and driving a vehicle equipped with emergency lights and marked as belonging to TCSO." Dkt. # 72-1, at 1; see also Dkt. # 72, at 2. Moreover, it is undisputed that Nuckolls was on duty and went to plaintiff's home because a dispatcher assigned Nuckolls a 911 hangup call from plaintiff's address. See Dkt. ## 67, at 5-6; 67-11, at 2, 6, 12, 13, 14, 17; 67-14, at 1, 2.[8] The parties dispute whether plaintiff gave Nuckolls consent to search. Compare Dkt. # 67-12, at 11:26:23-30 ("Q: Did you give him authorization [for the search]? A: Well yeah, because I'm not hiding anything.") with Dkt. # 72-1, at 1 ("Nuckolls entered my home and another structure upon my property without a warrant, permission or any other right of entry.").

The Court finds that it is undisputed that Nuckolls was acting within the scope of his employment when he arrived at plaintiff's home. The undisputed facts show that Nuckolls was sent to the house by dispatch to respond to a 911 hangup call.  See Dkt. ## 67, at 5-6; 67-11, at 2, 6, 12, 13, 14, 17; 67-14, at 1, 2. It is within the normal duties of a deputy sheriff to respond to 911 calls,

---

[7]    In her amended complaint, Plaintiff asserted tort claims against Nuckolls, and vicarious liability against Regalado, based on Nuckolls's alleged assault and battery of plaintiff. See Dkt. # 26, at 8-9. Plaintiff's claims regarding Nuckolls's search were asserted under the United States and Oklahoma Constitutions. See id. Regalado has treated plaintiff's OGTCA claims as stemming from both Nuckolls's alleged assault and battery and his search of plaintiff's home. See Dkt. # 67, at 27. Further, plaintiff has conceded her federal claims against Regalado, see Dkt. # 72, at 5, and the Court has determined that plaintiff has no remedy under the Oklahoma Constitution because she has a cause of action under the OGTCA, see infra section III.B. Therefore, the Court treats plaintiff's OGTCA claims as Regalado does, as stemming from both Nuckolls's alleged assault and battery and his search.

[8]    Under Rule 56, the Court must consider cited materials, but may also consider any materials in the record. Fed. R. Civ. P. 56(c)(3).

and Nuckolls was certainly furthering TCSO's interests by responding to the call the dispatcher

assigned him. However, whether and when Nuckolls's actions once he arrived at plaintiff's home

were outside the scope of his employment is a genuine dispute of material fact. Unlike an assault

on a third party, see Rodebush, 867 P.2d at 1245, a search is an act that is naturally a part of the

duties of a deputy sheriff. It is reasonably possible that Nuckolls searched plaintiff's home for some

personal and malicious reason, but it is also reasonably possible that he was conducting a good faith

search for contraband following a 911 hangup and a possible consent to search by plaintiff.[9] There

is not only one reasonable conclusion to be drawn from the facts. See Nail v. City of Henryetta, 911

P.2d 914, 918 (Okla. 1996) (finding a genuine dispute of material fact regarding whether a police

officer was acting within the scope of his employment when he shoved plaintiff during an arrest

because the officer's motivation for his actions was in dispute). Thus, whether Nuckolls conducted

the search within the scope of his employment is a disputed issue of material fact to be determined

by a jury, and Regalado's summary judgment motion should be denied as to plaintiff's negligence

claims arising from Nuckolls's search of her home.

### B.

Regalado also moves for summary judgment on plaintiff's Bosh claim, arguing that a Bosh

claim may not be brought when an OGTCA claim is available. Id. at 28-29. In Bosh, the Oklahoma

---

[9]     Plaintiff's assertions that Nuckolls was "in uniform, carrying a firearm, wearing a badge and driving a vehicle equipped with emergency lights and marked as belonging to the TCSO," Dkt. # 72-1, at 1-2, adds little to this analysis. For Nuckolls to have been acting within the scope of his employment, he must have been acting to further the interests of TCSO. See Rodebush, 867 P.2d at 1245. That Nuckolls appeared as a TCSO officer does not show that he was acting to further TCSO's interests. It is much more relevant that a dispatcher assigned Nuckolls a 911 hangup call from plaintiff's residence because it shows he initially went to plaintiff's home to carry out the business of TCSO.

Supreme Court recognized a private right of action for excessive force claims by prison inmates under article 2, section 30 of the Oklahoma Constitution because such claims were barred by the OGTCA and prison inmates would not otherwise have a remedy under state law for excessive force committed by prison officials. 305 P.3d at 1001. The Oklahoma Supreme Court has since held that "[Bosh] claims for excessive force against a municipality may not be brought against a governmental entity when a cause of action under the OGTCA is available." Perry v. City of Norman, 341 P.3d 689, 693 (Okla. 2014).

There is no blanket immunity here barring plaintiff from bringing a claim under the OGTCA like there was in Bosh. Therefore, the reasoning of Bosh, to prevent governmental entities from immunizing themselves from liability for violations of the Oklahoma Constitution, does not apply here. In Perry, the Oklahoma Supreme Court limited Bosh to situations in which no other avenue is available to bring a claim for governmental liability. See Perry, 341 P.3d at 693. Therefore, with regard to plaintiff's Bosh claim, Regalado's motion for summary judgment should be granted because plaintiff's claim is barred under Perry.

**IT IS THEREFORE ORDERED** that Defendant Vic Regalado's Motion for Summary Judgment and Brief in Support (Dkt. # 67) is **granted in part and denied in part**; it is granted as to plaintiff's claims of intentional infliction of emotional distress and battery under the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151-172, and plaintiff's claim under Bosh v. Cherokee County Building Authority, 305 P.3d 994 (Okla. 2013); it is denied as to plaintiff's claim of negligence under the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151-172 for an alleged illegal search.

**DATED** this 4th day of October, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE